# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-215-KDB-DCK

| | |
|---|---|
| **NATURAL DOG ACQUISITION LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **A BETTER WAY PRODUCTS, LLC,** ) <br> ) <br> **Defendant.** ) <br> ) | **PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Order For The Protection Of Confidential Information" (Document No. 12) filed December 2, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the parties' proposed Order for the Protection of Confidential Information ("Protective Order") is entered as follows.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDRERED** that this Protective Order shall govern the handling of all information, testimony, things or documents filed with the Court or produced or given (either by a party or non-party) as part of discovery in this action ("Covered Matter"). This Protective Order permits the parties, and non-parties, to designate certain material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as "Confidential Material"). The party or non-party that makes such a designation shall hereafter be referred to as a "Designating Party." The party or non-party producing documents in this litigation shall hereafter be referred to as a "Producing

Party."  The party or non-party that receives documents produced in this litigation shall hereafter be referred to as a "Receiving Party."

## I. DESIGNATION OF DOCUMENTS

1. **CONFIDENTIAL Designation.**  A party or non-party may designate as "CONFIDENTIAL" any Covered Material containing technical, marketing, actual or prospective vendors or customers, personnel, product and packaging design, sales, pricing, margins, financial and other business information, if counsel determines that such designation is necessary to protect the interests of the client.

2. **ATTORNEYS' EYES ONLY Designation**.  A party or non-party may designate as "ATTORNEYS' EYES ONLY" that portion of any Covered Matter that is or contains, reflects or otherwise discloses a trade secret or other highly confidential information, such as, but not limited to: cost, sales, pricing and profitability information; company financial information; confidential research, development, or commercial information; business relationships with third-parties; technical know-how, formulae, processes, designs, passwords, and source codes; strategic marketing, design, engineering, manufacturing, distribution, and sourcing information; personnel information; or other confidential information which, if disclosed to another party or non-party, would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The designation "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be deemed to mean the same as ATORNEYS' EYES ONLY.

3. **Good Faith Determination**.  Prior to designating any Covered Matter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, counsel for the Designating Party shall:

a) make a good faith particularized determination that the particular protection is necessary to protect the interest of the client;  and

b) make a good faith particularized determination that the disclosure directly to the opposing party or its employees will create a substantial risk of serious harm to the

Designating Party, and that there is no less restrictive way to prevent such harm other than through the use of designations as set forth herein.

4. **Use of Designations**. The parties shall use the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation only as appropriate.

## II. LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER

1. **Designation and Marking of Confidential Material**. Parties, non-parties, and their counsel shall designate CONFIDENTIAL and ATTORNEYS' EYES ONLY material as follows:

a) In the case of documents or other tangible materials that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, responses to interrogatories, requests for production of documents, subpoenas for the production of documents and requests for admission, and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped or otherwise labeled: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

b) In the case of materials produced in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital analog machine-readable device, computers, discs, networks, or tapes), such materials may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by identifying specific electronically stored information if possible, or if not possible, by cover letter referring generally to such matter and by affixing (where possible) a label on the media or casing indicating such designation or by placing the designation in a suitably revised file name.

2. **Designation and Marking of Deposition Testimony**. In the case of depositions, counsel for a party or non-party may designate portions of the transcript (including exhibits) as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the deposition by (1) making a statement to that effect on the record; or (2) by written notice, sent by counsel to all parties within fourteen (14) calendar days after receiving a copy of the final transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be

3

affixed to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information. All deposition and other pretrial testimony shall be deemed to be ATTORNEYS' EYES ONLY information until the expiration of fourteen (14) calendar days after counsel receives a copy of the final transcript thereof, after which time the transcript shall be treated as actually designated. The parties and any non-party may modify this procedure for any particular deposition, through agreement on the record at such deposition or otherwise, without further order of the Court.

3. **Disclosure of Confidential Material at Deposition**. During any deposition taken in this action at which Confidential Material is disclosed or discussed, any party or non-party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, court reporter, videographer, and persons to whom the information and/or documents may be disclosed under the terms of this Protective Order.

4. **Challenging Designation of Confidential Material**. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge. A party may challenge the designation of Confidential Material only as follows:

a) If at any time any party disagrees with a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, that person shall provide notice of its disagreement to the Designating Party. The parties shall make a good faith effort to resolve the dispute before filing a motion with the Court.

b) If the dispute cannot be informally resolved, the challenging party may request relief from the Court through the mechanism established for discovery disputes in Paragraph III(H) of this Court's Order dated October 18, 2022 (Document No. 10). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled pursuant to the Designating Party's designation until the Court rules on the challenge.

5. **Use of Confidential Material**. Each party and all persons bound by the terms of

this Protective Order shall use Confidential Material only in connection with the prosecution or defense of this action, except by written consent of the Designating Party or by order of the Court. CONFIDENTIAL or ATTORNEYS EYES' ONLY information and/or documents may be disclosed or released only to those persons entitled to receive such information and/or documents under this Protective Order.

a) **Inadvertent Misdesignation or Failure to Designate**. Documents will be treated in accordance with their designation under this Protective Order. However, failure of a party or non-party to properly designate material CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed or construed to constitute an admission that such material is not confidential or deserving of the protections provided for under this Order. If a party or non-party discovers that it has inadvertently failed to properly designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, such party or non-party may promptly designate the material as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The parties agree to treat such newly designated or re-designated Confidential Material in accordance with its modified confidentiality designation absent a successful challenge to the designation.

b) **Inadvertent Disclosure of Privileged Materials**. The parties agree that inadvertent production of privileged documents is not a waiver of any applicable privilege. As set forth in Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal

Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated order submitted to the Court.

      6.    **Use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Material**.

          a)    Information designated as CONFIDENTIAL may be disclosed only to the following persons:

          1.    The outside attorneys of record, as well as employees of said outside attorneys of record, to whom it is reasonably necessary to disclose the information for this action;

          2.    Officers, directors, and employees (including in-house counsel) of a party, to whom disclosure is reasonably necessary for this action;

          3.    Experts (including consultants, investigators, and jury research and analysis consultants) retained by any party or counsel to any party to assist in this action, but only to the extent necessary to perform such work and after signing the ACKNOWLEDGEMENT attached to this Protective Order;

          4.    Personnel of third party vendors engaged by a party or by counsel for a party to assist counsel in this action, but only to the extent necessary to perform such work and after signing the ACKNOWLEDGEMENT attached to this Protective Order;

          5.    The individual identified as an author or recipient of the document or by sworn testimony as having prepared, received or reviewed the document prior to the filing of this lawsuit;

          6.    Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order; and

          7.    The Court, Court personnel, and court reporters/videographers and their staff, in connection with this action.

          b)    Information designated as ATTORNEYS' EYES ONLY may be disclosed

only to the following persons:

      1. The outside attorneys of record, as well as employees of said outside attorneys of record, to whom it is reasonably necessary to disclose the information for this action;

      2. Experts (including consultants, investigators, and jury research and analysis consultants) retained by any party or counsel to any party to assist in this action, but only to the extent necessary to perform such work and after signing the ACKNOWLEDGEMENT attached to this Protective Order;

      3. Personnel of third party vendors engaged by a party or by counsel for a party to assist counsel in this action, but only to the extent necessary to perform such work and after signing the ACKNOWLEDGEMENT attached to this Protective Order;

      4. The individual identified as an author or recipient of the document or by sworn testimony as having prepared, received, or reviewed the document prior to the filing of this lawsuit;

      5. Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order; and

      6. The Court, Court personnel, and court reporters/videographers and their staff, in connection with this action.

7. **Consultations with Client Concerning Another Party's or a Non-Party's Confidential Material**. It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Confidential Material received by the party, provided that such rendering of advice and opinions shall not reveal the content of Confidential Material to which the recipient of advice or opinions is not otherwise entitled, except by prior written agreement with counsel for the Designating Party.

8. **Submission to Court's Jurisdiction**. Each individual who receives any Confidential Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this

Protective Order.

9. **Submission of Confidential Material to the Court**.  It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.  This Protective Order does not provide for the automatic sealing of such documents.

10. **Use of Confidential Materials During Court Proceedings**.  In the event that any Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the Confidential Material shall not thereby lose its status as Confidential Material through such use, and the party using the Confidential Material in such pre-trial proceeding shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, including, but not limited to, requesting *in camera* proceedings.  The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

11. **Protecting Confidential Material**.  Any person who receives any Confidential Material shall maintain such material in a secure and safe manner and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

12. **Improper Disclosure of Confidential Materials**.  If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

13. **Non-Restricted Uses of Covered Matter**. Nothing in this Protective Order shall preclude a party or its attorneys from:

a) Showing information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that is or becomes publicly known through no fault or act of such party;

b) Showing information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that such party rightfully received from a third party that has authority to provide such information without restriction as to disclosure;

c) Showing a document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY produced in discovery by a Designating Party to a director, officer, managing agent or employee of the Designating Party during the questioning of such person in a deposition, hearing or trial in this litigation;

d) Using or disclosing, in any manner or for any purpose, any information or documents legally obtained other than through discovery in this action, even though the same information or documents may have been produced in discovery in this litigation and designated CONFIDENTIAL or ATTORNEYS' EYES ONLY; or

e) Disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

14. **Non-Party Production Under This Protective Order**. Non-parties may provide or otherwise disclose Confidential Material pursuant to the terms of this Protective Order.

15. **Disposition of Confidential Material After Final Resolution of this Matter**. Unless otherwise agreed to by the parties or by order of the Court, within ninety (90) days of the final resolution of this action and of any and all appeals of this action, all Confidential Material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Confidential Material. Notwithstanding this provision, counsel of record for the parties may continue to maintain for their files a copy of any motion, brief, affidavit, expert report, discovery response, transcript, trial exhibit, and/or memoranda, which contains Confidential Material within the document or as an exhibit thereto.

16. **Objections to Discovery Not Covered**. This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

17. **Survival**. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

18. **Modification of Protective Order**. This Protective Order is without prejudice to the right of any party or non-party to seek further protection and/or relief from the Court, upon good cause shown, with respect to any of the provisions hereof.

19. **Agreement Pending Entry**. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

20. ULTIMATE DISPOSITION OF PROTECTED MATERIALS IS SUBJECT TO FINAL ORDER OF THE COURT UPON COMPLETION OF LITIGATION.

**SO ORDERED**.

Signed: December 2, 2022

David C. Keesler
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:

Date: December 2, 2022

s/ Rebeca Harasimowicz
J. Mark Wilson
N.C. State Bar No. 25763
Rebeca Harasimowicz
N.C. State Bar No. 48711
Moore & Van Allen PLLC
100 North Tryon Street, Ste 4700
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com
beckyharasimowicz@mvalaw.com
CLT-TMCorrespondence@mvalaw.com

*Attorneys for Plaintiff*
*Natural Dog Acquisition LLC*

Date: December 2, 2022

/s/ Jason M. Sneed
Jason M. Sneed, Esq.
N.C. State Bar No. 29593
Megan Sneed, Esq.
N.C. State Bar No. 38525
SNEED PLLC
445 S. Main St., Suite 400
Davidson, North Carolina 28036
Tel.: (844) 763-3347
Email: JSneed@SneedLegal.com
MSneed@SneedLegal.com

*Attorneys for Defendant*
*A Better Way Products, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-215-KDB-DCK**

| | |
|---|---|
| **NATURAL DOG ACQUISITION LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ACKNOWLEDGEMENT** |
| ) | |
| **A BETTER WAY PRODUCTS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

I, _____, hereby acknowledge that I have read and understand the provisions of the attached Order for Protection of Confidential Information ("Protective Order") entered by the Court in the above-captioned matter with respect to the non-disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information and/or documents (the "Confidential Material"), and I agree to abide by and be bound by its terms. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all Confidential Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. I will use Confidential Material only in connection with my work in this action and for no other purpose. Upon request, I will return the Confidential Material to the counsel who provided me with the Confidential Material. I hereby submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Executed on _____     By: _____